[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Albert F. Harnicar, Administrator of the Estate of his deceased son, Thomas Albert Harnicar brought this action to recover damages for wrongful death in four counts against the defendants, Matthew D. Emirzian, Alesandrio P. Casasanta and Jera, Inc. The action has been withdrawn against the last two defendants and is before the court on a hearing in damages against Mr. Emirzian.
Thomas Harnicar was born on April 29, 1970 and died on November 1, 1992. The decedent's death occurred when he was struck by the defendant's automobile as he was crossing East street in the city of New Britain.
On January 10, 1994, the defendant pled guilty to negligent homicide with a motor vehicle, Conn. Gen. Stat. § 14-222a; evading responsibility in the operation of a motor vehicle, Conn. Gen. Stat. § 14-224a; failure to exercise due care to avoid a pedestrian, Conn. Gen. Stat. § 14-300d, and, operating without insurance Conn. Gen. Stat. § 38a-371d. It is apparent that the defendant was under the influence at the time of the accident.
Thomas graduated from the Litchfield High School and thereafter attended Central Connecticut State University. He was due to graduate in May of 1993. He was an above average student well liked by his peers and active in sports. During school vacations he worked to help defray the cost of his education. It is apparent that Thomas was headed for a successful and fruitful life.
The bills entered in evidence include New Britain Medical Services, Inc., $414.10; New Britain General Hospital, $2,639.55; Rowe Funeral Home, Inc., $4,708.00, and St. Anthony Cemetery Association, $1,050.00, for a total of $8,801.65.
In an action for wrongful death the elements of damages include: (1) compensation for conscious pain and suffering; (2) lost earning capacity less deductions for necessary living expenses, discounted for present cash value; (3) and compensation for the destruction of life's enjoyment. Kiniry v. DanburyHospital, 183 Conn. 448, 460. Richard A. Martin, an economic expert called by the plaintiff, testified that in his opinion, the decedent's loss of earning capacity is $2,064,800.00. The court finds that this figure is excessive since it does not give sufficient weight to taxes and living expenses. CT Page 2622
At the time of his death, Thomas Harnicar was twenty two plus years and had an average life expectancy of 52 years. Based upon the evidence, the court finds that the economic damages are 508,801.65 and the non economic damages $1,000,000.00 Conn. Gen. Stat. § 52-572h.
Judgment may enter for the plaintiff in the amount of $1,508,801.65 plus costs.
PICKETT, J.